DIANE J. HUMETEWA
United States Attorney
District of Arizona

Charles A. O'Reilly
Ellen M. Quattrucci
Monica B. Edelstein
Trial Attorneys
Two Renaissance Square
40 North Central Ave. Suite 1200
Phoenix, AZ 85004-4408
Charles.A.O'Reilly@usdoj.gov
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | |
| Plaintiff, | CR-07CR01213-001-EHC |
| v. | GOVERNMENT'S SENTENCING MEMORANDUM |
| Randy L. Bragg, | |
| Defendant. | |

The United States of America, by and through its counsel, Diane J. Humetewa, United States Attorney, Charles O'Reilly, Ellen M. Quattrucci, and Monica B. Edelstein, Trial Attorneys, United States Department of Justice, Tax Division, hereby submit the Government's Sentencing Memorandum pursuant to the Findings And Recommendation of the Magistrate Judge Upon A Plea of Guilty and Order.

As set forth more fully below, the government recommends that Defendant Bragg be sentenced to a term of imprisonment at the low-end of the advisory guidelines range of 27 to 33 months as calculated by the Office of Probation. The government also seeks an order of restitution in the amount of $1,202,660.58, as stipulated by the parties in the written plea agreement.

GOVERNMENT'S SENTENCING MEMORANDUM

## I.   INTRODUCTION

On November 6, 2007, the United States filed a two-count Information charging Defendant Randy L. Bragg with two counts of violating 26 U.S.C. § 7206(1).   On that same day, Bragg entered a plea of guilty to the two-count Information.   Bragg's offense concerns his ownership and operation of an employee leasing company, Consolidated Human Resources AZ, Inc. ("CHRAZ").  Employee leasing companies   assume the functions of human resource departments for clients; an employee leasing company will issue paychecks, administer benefits and prepare and file tax information including employee Forms W-2 and Forms 941 (Employer's Quarterly Federal Tax Return).

During the course of 2001, Defendant Bragg wilfully filed five false tax returns with the Internal Revenue Service in an attempt to evade the payment of more than $1.2 million in taxes owed to the United States.   Importantly, CHRAZ clients paid to CHRAZ both the taxes withheld from individual employees' wages and the employer's share of employment taxes.   Instead of paying this money over to the IRS, Defendant Bragg chose to divert the money for his own use.

Defendant Bragg knew at the time he signed each Form 941that CHRAZ had paid wages of at least $688,407.00, $675,485.00, $1,541,419.00, and $1,809,435.00, respectively, for the four quarters ending March 31, June 30, September 30 and December 31, 2000.  Defendant filed Forms 941 stating that CHRAZ had paid wages totaling $0.00 for each quarter of 2000.  These false statements understated CHRAZ's tax liability by at least $1,191,344.00.  Defendant also filed a false and fraudulent Form 940-EZ for the year 2000.   Consistent with the false Forms 941, the Form 940-EZ falsely reported $0.00 payments for services of employees.   Defendant's false statement on the Form 940-EZ caused an additional loss of $11,316.35 to the United States.

Defendant signed each Form 941 and the Form 940-EZ described above under penalties of perjury, and fraudulently subscribed and filed each return willfully, knowing that it was false and with the specific intent to violate the law.

//

//

//

GOVERNMENT'S SENTENCING MEMORANDUM          2

1  **II.      SENTENCING AFTER THE <u>BOOKER</u> DECISION**

2         The Ninth Circuit recently articulated the basic framework for imposing sentences in the post-

3  <u>Booker</u> era.  <u>United States v. Carty</u>, ___ F.3d ___ 2008 WL 763770 (9th Cir. March 23, 2008);  <u>See also</u>

4  <u>United States v. Booker</u>, 543 U.S. 220 (2005).  First, courts must continue to calculate a defendant's

5  Guidelines sentence precisely as they would have before Booker:

6                 All sentencing proceedings are to begin by determining the applicable
               Guidelines range.  The range must be calculated correctly.  In this sense,
7                 the Guidelines are "the 'starting point and the initial benchmark,'" and
               are to be kept in mind throughout the process.

8

9  <u>Carty</u>, 2008 WL 763770 at *4 (citation omitted).  Here, neither party has filed a motion for a departure,

10  and therefore, this Court can proceed directly to its analysis of the Section 3553(a)factors in determining

11  its sentence.

12         As recognized in <u>Carty</u>, the Court must consider the advisory guideline range along with all the

13  pertinent considerations of sentencing outlined in 18 U.S.C. § 3553(a) in determining the final sentence.

14  Once the Court determines the sentence, "the district court must explain it sufficiently to permit

15  meaningful review."  <u>Id.</u> at *4.  While the district court "need not tick off each of the § 3553(a) factors,"

16  when a party raises a "specific, non-frivolous argument tethered to a relevant § 3553(a) factor," the

17  district court should normally explain why he accepts or rejects the party's position.  <u>Id.</u> at *5 (citing

18  <u>United States v. Rita</u>, 551 U.S. ___, 127 S.Ct. 2456, 2468 (2007).

19         The government explains below its view of the proper consideration in this case of the advisory

20  guideline range and of the Section 3553(a) factors, which support a within-guideline sentence at the low-

21  end of the range.

22  **II.      COMPUTATION OF THE ADVISORY GUIDELINES RANGE**

23             A.      <u>The Applicable Guidelines</u>

24  _____The parties have agreed pursuant to Defendant's written plea agreement that the applicable

25  Guideline Manual is the November 1, 2000 edition.

26  //

27  //

28  GOVERNMENT'S SENTENCING MEMORANDUM            3

B.      Base Offense Level

Pursuant to Defendant's written plea agreement, the agreed upon tax loss is $1,202,660.58.  This corresponds to a base offense level of nineteen (19).  § 2T1.1(a)(1) and § 2T4.1(N).

C.      Criminal History

The parties did not stipulate to Defendant's Criminal History or Criminal History Category.  The Office of Probation determined that Bragg has six (6) criminal history points and a Criminal History Category III.  The government agrees with this calculation.

D.      Enhancements and Adjustments

The government does not seek any enhancements or upward departures to the base offense level.  The government recommends, and the U.S. Probation Office agrees, that a three-level adjustment for acceptance of responsibility is warranted because Defendant made full and complete disclosures regarding his offense conduct to the U.S. Probation Office.  In addition, Defendant Bragg pleaded guilty prior to indictment in this case.  U.S.S.G. §  3E1.1 (2000).

E.      Defendant's Advisory Guidelines Range

The government and the U.S. Probation Office  agree that the Defendant's base offense level of 19 should be reduced three levels based upon his acceptance of responsibility for a total offense level of 16.  Based upon a total offense level of 16 and a Criminal History Category III, Defendant's advisory guidelines range is 27 to 33 months incarceration.  The government recommends that Defendant be sentenced to the low-end of this range for the reasons set forth below.

**IV.     THE COURT SHOULD SENTENCE DEFENDANT TO THE LOW-END OF THE ADVISORY GUIDELINES RANGE**

A thorough consideration of all of the sentencing factors set forth in 18 U.S.C. § 3553(a) suggests that the most appropriate sentence is one at the low-end of the advisory guideline range of  27 to 33 months.

This Court must consider all of the sentencing considerations set forth in Section 3553(a) in determining Defendant Bragg's sentence.  Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to

reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the guidelines and policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.  18 U.S.C. §  3553(a).

The defendant engaged in a serious offense.   As the Guidelines Manual recognizes, "[t]ax offenses, in and of themselves, are serious offenses." §  2T1.1.   Here, Defendant Bragg attempted to deprive the United States of more than $1.2 million in taxes.  Moreover, the defendant's history supports the need for significant incarceration.  Defendant Bragg been convicted of four criminal offenses since 1993, and committed the instant offense while on probation.   It is clear that the recommended term of imprisonment is required "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." § 3553(a)(2).  The recommended sentence of incarceration affords adequate deterrence to others who would commit a similar offense, and protects the public from further crimes of the defendant, for at least as long as he remains incarcerated.  <u>Id.</u>  Finally, the best way to ensure that Defendant's sentence is not disparate from those convicted of similar crimes, is to sentence Defendant within the guidelines range.

None of the factors in Section 3553(a) warrant imposing a sentence outside the advisory guidelines range.   The Office of Probation has identified no educational, medical or other correctional treatment that warrants deviating from the advisory guidelines range.  Defendant Bragg has agreed to pay $1,202,660.58 in restitution to the Internal Revenue Service.  The government does not believe that a sentence within the advisory guidelines range will affect Defendant Bragg's ability to pay restitution in any meaningful way.

Therefore, all of the appropriate considerations of sentencing favor the imposition in this case of a within-guideline sentence at the low-end of the range.

//

IV.     **CONCLUSION**

The Government recommends this Court sentence Defendant Bragg to a term of incarceration of between 27 and 30 months, a three-year term of supervised release, and restitution in the amount of $1,202,660.58.    Such a sentence is sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of subsection 18 U.S.C. § 3553(a). Specifically, the recommended sentence reflects the seriousness of the offense, promotes respect for the law, provides just punishment for the offense, affords adequate deterrence to criminal conduct, and protects the public from further crimes of the defendant.

Respectfully submitted,

DIANE J. HUMETEWA
United States Attorney

S/Charles A. O'Reilly

CHARLES A. O'REILLY
ELLEN M. QUATTRUCCI
MONICA B. EDELSTEIN
Trial Attorneys

I hereby certify that on April 1, 2008, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Guadalupe Valencia
Law Offices of Guadalupe Valencia
The Senator Building
105 West F Street, 3rd Floor
San Diego, CA 92101
gvalencialaw@yahoo.com

Sebastian D'amico
Law Offices of Sebastian D'amico
2366 Front Street
San Diego, CA 92101
damico@dfghlaw.com

S/Charles A. O'Reilly